985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald Boone, Plaintiff/Appellant,
v.
Michael Bond, et al. Defendants/Appellees.
 No. 91-3444.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 5, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Boone sued the director and several administrators of a program run by Roosevelt University that allows prisoners housed in Illinois prisons to earn a college degree. The core of Boone's complaint is that the defendants, through administrative wrangling, were able to delay his completion of the requirements for a degree just long enough to allow a white student to become the first prisoner to graduate from the program. Boone claimed that the defendants' dilatory tactics violated his rights under the Eighth and Fourteenth Amendments. 42 U.S.C. § 1983. The defendants moved to dismiss the complaint, and the court converted the motion to a motion for summary judgment. The court gave the parties time to submit affidavits and exhibits to support their positions. The court rejected as frivolous Boone's claim under the Eighth Amendment, holding that even if the defendants had delayed the completion of his degree it would not have amounted to a punishment as the relevant caselaw defines punishment. The court also rejected Boone's claim that he was denied equal protection of the laws. Specifically, the court held that Boone had not overcome the defendants' showing that the delay was due to Boone's own failure to meet the program's requirements of producing transcripts of prior education. The court granted summary judgment in favor of the defendants, and Boone now appeals.
 
 
 2
 Boone raises three issues on appeal. Boone's first argument is that the district court erred by failing to address his argument that he did not receive student loans because the defendants mismanaged and embezzled them. Nothing in the record indicates that Boone put this issue squarely before the court. It appears, therefore, that the district court did not directly address this issue in its order. If the court had noted this issue based on the pleadings it certainly would have concluded that the claim was frivolous. Showing no support for his allegation, Boone's claim of embezzlement could not have succeeded in light of the confirmation in the record that the funds never reached Boone because he had defaulted on previous student loans (R. at 25). That the judge did not directly address this issue in his order does not add merit to the claim.
 
 
 3
 Boone's second argument is that the court erred by converting the defendants' motion to dismiss into a motion for summary judgment. When the parties convened before the court to argue the motion to dismiss Boone's complaint, it came to the court's attention that the case turned on matters outside of the initial pleadings. The court, accordingly, converted the motion to dismiss to one for summary judgment and rescheduled the hearing so that the parties could submit affidavits and exhibits that would aid the judge in his ruling. This approach taken by the court is sanctioned by Federal Rule of Civil Procedure 12(b).
 
 
 4
 Boone's final claim, that the court based its grant of summary judgment on an erroneous finding that the delay in getting his old transcripts sent to the defendants was his own fault, also is without merit. Whose fault the delay was is not an issue for trial--and thus one that would bar summary judgment--"unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "If the evidence is ... not significantly probative, summary judgment may be granted." Id. at 249-50. Boone claims without support that he submitted the proper transcript to the defendants, which they promptly sabotaged to give preference to a white student. Such a bald claim does not defeat the defendants' well-supported motion for summary judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs